UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HECTOR LUIS PAGAN,
    *Petitioner*,

v.                                                      1:25-cv-76-MSN-WEF

CHADWICK DOTSON,
    *Respondent.*

## MEMORANDUM OPINION AND ORDER

Virginia inmate Hector Luis Pagan ("Petitioner" or "Pagan"), proceeding a *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court of Arlington County, Virginia, for "rape and sodomy." ECF 1 at 1. Pagan's petition and accompanying memorandum are unsigned, and his petition includes no dates or docket numbers, although it does indicate that he pleaded guilty pursuant to a plea agreement and was sentenced to life in prison. *Id.* at 13; ECF 2 at 3. The Court has reviewed the online records for the Circuit Court of Arlington County and found no conviction for sodomy. The Court, however, has confirmed that Pagan had a conviction in the Circuit Court of Arlington County for rape in 2009, as well as two other felonies.

The online records, Virginia Courts Case Information System, indicate that Pagan was indicted for six felonies: rape, abduction, abduction with intent to defile, malicious wounding, and two counts of robbery. In 2009, Pagan pleaded guilty, pursuant to a plea agreement, to rape and both abductions, and the remaining three indictments were terminated by the entry of a *nolle prosequi*.[1] *See* https://www.courts.state.va.us/courts/scv/home, (Circuit Court Tab, Arlington Tab,

---

[1] *See Colonial Perm Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the "most frequent use of judicial notice of ascertainable facts is in noticing the content of court records"); *see, e.g., Lynch v. Leis*, 382 F.3d 642,

search "Pagan, Hector") (last viewed Jan. 17, 2025) (Case Nos. CR07-1131 through -1136) ("Case Information System"). Pagan appealed his 2009 convictions to the Virginia Court of Appeals, *Pagan v. Commonwealth*, Record No. 2420-09-4, 2011 Va. App. LEXIS 7 (Va. Ct. App. Jan. 11, 2011) (affirmed),[2] and the Supreme Court of Virginia, *Pagan v. Commonwealth*, Record No. 110254 (July 6, 2011) (petition refused).[3]

The unsigned petition before the Court omitted the fact that Pagan previously filed a § 2254 petition in this Court challenging his 2009 convictions in the Circuit Court of Arlington County, *Pagan v. Commonwealth*, No. 1:11cv1037 (AJT/IDD) ("*Pagan I*"), which was dismissed on March 13, 2012. A review of the *Pagan I* § 2254 petition confirms it challenged the validity of his 2009 Arlington convictions, entered pursuant to a plea agreement, for rape and two counts of abduction with intent to defile for which he was sentenced to three consecutive life sentences. It is evident that the unsigned petition before the Court seeks to challenge the validity of Pagan's 2009 Arlington County convictions, just as the § 2254 petition he filed back in 2011 did (*Pagan I*). The unsigned petition § 2254 before the Court will therefore be dismissed without prejudice because it is successive, which means the Court has no jurisdiction to consider the petition.[4]

---

647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

[2] The appellate decision also does not indicate a conviction for sodomy, but does refer to two convictions for abduction with intent to defile, *Pagan*, 2011 Va. App. LEXIS 7, *1-2, as does Pagan in his previous § 2254 petition. *Pagan v. Commonwealth*, No. 1:11cv1037 (AJT/IDD) ("*Pagan I*"), ECF 1 at 1.

[3] The Case Information System records also indicate that Pagan filed two state habeas petitions, *Hagan v. Warden*, Record No. 120843 (Va. Jan. 22, 2013) (writ denied) and *Pagan v. Dotson*, Record No. 230885 (Va. Mar. 15, 2024); and a petition for a writ of mandamus, *Pagan v. Williams*, Record No. 230609 (Va. Feb. 2, 2024) (procedural dismissal).

[4] It is also unnecessary to allow amendment of the § 2254 petition before the Court to cure the absence of a signature, Rules Governing Section 2254 Cases, Rule 2(c)(5) (a § 2254 petition must be "signed under penalty of perjury"), because such an amendment would be futile in lieu of the fact that this Court has no jurisdiction to consider a successive habeas petition. *See generally United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (identifying "futility of amendment" as basis for denial of leave to amend in habeas context).

Title 28 U.S.C. § 2244(b) compels a district court to dismiss a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of in in lying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244 does not lie with the district court; it "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or successive petition, "the district court lacks jurisdiction" over the petition. *Evans*, 220 F.3d at 325. Because Petitioner has not provided such an order from the United States Court of Appeals for the Fourth Circuit, this Court therefore lacks jurisdiction to consider this successive petition, which must be dismissed.

Accordingly, it is hereby

ORDERED that this successive petition (ECF 1) be and is DISMISSED WITHOUT PREJUDICE to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

January 23, 2025
Alexandria, Virginia