UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HECTOR LUIS PAGAN,
*Petitioner*,

v.

CHADWICK DOTSON,
*Respondent.*

1:25-cv-00076-MSN-WEF

**MEMORANDUM OPINION**

Hector Luis Pagan ("Petitioner" or "Pagan"), a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his September 29, 2009, convictions in the Circuit Court of Arlington County, Virginia for rape and two counts of sodomy. ECF 1. On August 11, 2025, Respondent filed a Motion to Dismiss, Rule 5 Answer, and a brief in support, with exhibits. ECF 21–23. On August 12, 2025, the Court advised Pagan of his opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF 21. Pagan filed a notice of appeal on September 5, 2025, and his appeal was dismissed on December 2, 2025, for failure to prosecute pursuant to Local Rule 45. The mandate was entered that same day. ECF 36, 37. While this matter was pending on appeal, Pagan filed his Brief in Opposition to Respondent's Motion to Dismiss on September 30, 2025. ECF 35. This matter is now ripe for disposition and, for the reasons that follow, Respondent's Motion to Dismiss must be granted and the Petition dismissed with prejudice.

I. **BACKGROUND**

A. **State Proceedings**

On March 5, 2009, Pagan appeared with counsel and pleaded guilty to one count of rape,

in violation of Virginia Code § 18.2–61; and two counts of abduction with intent to defile, in violation of Virgina Code § 18.2–48. ECF 23–1 at 1, 7, 8.[1] *Commonwealth v. Pagan*, Case Nos. CR07–1131, CR07–1132, CR07–1133. On September 18, 2009, Pagan was sentenced to life for each offense. ECF 23–1 at 2–5, 9–10. Judgment was entered on September 29, 2009. *Id.*

After his conviction, Pagan, by counsel, filed a petition for appeal in the Court of Appeals of Virginia, which granted him the ability to appeal on July 26, 2010. ECF 23–2 at 17; *Pagan v. Commonwealth*, Record No. 2420–09–4. On appeal, Pagan challenged the trial court's consideration during sentencing of evidence that showed he was under investigation for molesting a ten-year-old girl. ECF 23-2 at 22–23, 26. Following briefing and argument, the court affirmed his convictions on January 11, 2011. *Id.* at 26–34; *Pagan v. Commonwealth*, No. 2420–09–4, 2011 WL 65965 (Va. Ct. App. Jan. 11, 2011). Pagan, by counsel, then filed a petition for appeal in the Supreme Court of Virginia, raising the same sentencing issue. ECF 23–4 at 16; *Pagan v. Commonwealth*, Record No. 110254. On July 6, 2011, the Supreme Court of Virginia refused to hear his petition. ECF 23–4 at 92.

On April 26, 2012, Pagan, proceeding *pro se*, filed a state habeas petition in the Supreme Court of Virginia, ECF 23–5 at 1–12; *Pagan v. Warden*, Record No. 120843, which alleged the trial court and appellate court had violated his right to due process by, among other things, failing to allow him to present exculpatory evidence and allowing consideration of hearsay and unadjudicated criminal acts. ECF 23–5 at 5–6. The Supreme Court of Virginia dismissed his petition on January 22, 2013, finding that his claims were either barred from consideration on habeas or could have been raised on direct appeal. ECF 23–6.

---

[1] Petitioner's pleas were entered in accordance with *North Carolina v. Alford*, 400 U.S. 25 (1970).

On December 4, 2023, roughly a decade later, Pagan filed a second *pro se* state habeas petition in the Supreme Court of Virginia.[2] ECF 23–7; *Pagan v. Dotson*, Record No. 230885. Pagan's second state habeas petition alleged that his detention was unlawful and that he should be released because the indictments in Case Nos. CR07–1131, –1132, –1135 and –1136 had deficiencies.[3] Pagan further alleged that his due process rights were violated because he was arrested without a proper criminal complaint or arrest warrant in violation Virginia Codes §§ 19.2–72 and 19.2–82. ECF 23–7 at 3–14. The court dismissed his second state habeas petition on March 15, 2024, finding Pagan's claims were barred "because these non-jurisdictional issues could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for a writ of habeas corpus." *Id.* at 15.

### B.     Federal Proceedings

On September 21, 2011, Pagan, proceeding *pro se*, filed his first petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court, raising due process claims and claims under the Sixth Amendment. *Pagan v. Kelly*, No. 1:11cv1037 (AJT/IDD), 2012 WL 879247, at *1–2 (E.D. Va. Mar. 13, 2012). The petition was "dismissed without prejudice for failure to exhaust all claims before the Supreme Court of Virginia." *Id.* at *3.

On January 13, 2025, Pagan, proceeding *pro se*, filed the instant federal habeas petition, pursuant to 28 U.S.C. § 2254, which raises the following claim:

---

[2] Pagan also filed a writ of mandamus in the Supreme Court of Virginia on August 25, 2023, *Pagan v. Williams, Edd N., Jr., (Magistrate, Arlington County General District Court)*, Record No. 230609, in which he sought an order directing the magistrate to release him from incarceration under Virginia Code § 19.2–82. ECF 23–8. The Supreme Court dismissed Pagan's writ of mandamus on February 2, 2024, as untimely. *Id.* at 32 (citing Va. Code § 8.01–644.1).

[3] It is unclear why Pagan referenced Case Nos. CR07–1135 and –1136, both of which charged him with robbery in violation of Virginia Code § 18.2-58 and were dismissed by the entry of a *nolle prosequi* on March 16, 2009. *See* https://www.vacourts.gov/, Virginia's Judicial System, Case Status and Information, Circuit Court Case Information and Fee Calculation, Arlington Circuit Court, Criminal Tab (search "Pagan, Hector") (last searched Jan. 13, 2026). In short, Pagan was not convicted of or in custody for either offense.

3

> Jurisdictional Defect: Lack of statutory jurisdiction [due] to the prior magistrate ignoring a mandatory requirement of a statute, Code § 19.2-54, and lack of subject matter jurisdiction ('jurisdictional defect') which clearly established, 'the magistrate who issues your arrest or search warrant has 30 days to file what is known as the affidavit of probable cause.' This document is used to obtain your arrest warrant by having a police officer present evidence of probable cause in a sworn affidavit to a magistrate detailing what evidence the Commonwealth has to believe you committed the offenses you are charged with. By law, Code § 19.2–54 states that the magistrates [sic] failure to file this affidavit of probable cause within the required 30 days invalidates the warrant.

ECF 1 at 4–5.[4]

Respondent now moves to dismiss, contending that the Petition is untimely. ECF 23 at 10-15.

## II.     ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus must be dismissed if it is filed more than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). This period generally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2).

Pagan's direct appeal concluded on July 6, 2011, when the Virginia Supreme Court refused his petition for appeal. His convictions became final for purposes of applying the federal habeas

---

[4] A district "court must consider claims as they are presented in the petition, reviewing them under the applicable standard" and it is "the district court's duty to consider only the specific claims raised in a § 2254 petition." *See Folkes v. Nelsen*, 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted).

statute of limitations 90 days later, on Tuesday, October 4, 2011. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, under § 2244(d)(1)(A), a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Pagan thus had one year from that date, or until October 4, 2012, to file his § 2254 petition. Absent statutory or equitable tolling, the federal petition is untimely.

### C. Statutory Tolling

In calculating the one-year period, the Court must exclude the time during which properly filed state collateral proceedings are pending. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Pagan filed his first state habeas petition on April 26, 2012, which was dismissed on January 22, 2013.[5] At that time, Pagan had 160 days left until the federal statute of limitation lapsed on July 1, 2013, to file his federal habeas petition. Pagan did not file the current federal habeas petition until December 30, 2024,[6] which is more than a decade after the statute of limitations lapsed. Therefore, there is no basis for statutory tolling.

### D. Equitable Tolling

A federal habeas petitioner may be entitled to equitable tolling in the "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to

---

[5] The filing of the first federal habeas petition on September 22, 2011, which was dismissed without prejudice on March 13, 2012, did not toll the federal statute of limitations. "Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) (quoting 28 U.S.C. § 2244(d)(2)).

[6] Pagan did not date his Petition but the envelope in which it was sent was stamped "Received" by the Clerk's office on December 30, 2024. ECF 1-2. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pleading is deemed filed at the time a prisoner delivers it to the prison authorities for forwarding to the court clerk).

enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way that prevented timely filing. *Pace*, 544 U.S. at 418. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). For extraordinary circumstances to merit equitable tolling, they must (1) be beyond a petitioner's control or external to his own conduct and (2) prevent him from filing on time. *Id.*

Pagan has not shown that he has diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his claims. In his Petition, he argues that he was not properly charged during his criminal proceedings, rendering his convictions void. Pagan further asserts that he has not raised the claim now because he "was not aware of this . . . claim at first." ECF 1 at 5. The Fourth Circuit, however, has rejected the argument that a *pro se* prisoner is entitled to equitable tolling based on prior ignorance of the grounds for relief. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (explaining that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). And Pagan has pointed to no exceptional circumstances beyond his control that would have prevented him from filing his petition on time. Accordingly, Pagan is not entitled to equitable tolling and his Petition must be dismissed as untimely.[7]

---

[7] The Court further notes that Pagan's convictions resulted from indictments returned by a grand jury that appear to comply with Virginia Code § 19.2–202. *See* ECF 23-2 at 89-94. And "[i]t is black letter law that a federal court may grant habeas relief only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). Where, as here, a habeas petitioner alleges a jurisdictional defect "based solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review." *Id.*

6

**IV. Conclusion**

For the foregoing reasons, respondent's Motion to Dismiss, as amended, ECF 22, will be granted, and the Petition will be dismissed by an order to be issued with this Memorandum Opinion.[8]

/s/
Michael S. Nachmanoff
United States District Judge

February 5, 2026
Alexandria, Virginia

---

[8] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner fails to meet this standard.